MEMORANDUM *
Wayne Partin pled guilty to accessing with intent to view child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). He appeals Special Condition 4 of his ten years of supervised release, which forbids him from knowingly acquiring materials *539 that depict sexually explicit conduct as defined by 18 U.S.C. § 2256(2)(A). We have jurisdiction under 28 U.S.C. § 1291.
We review a challenge to a supervised release condition for an abuse of discretion. United States v. Weber, 451 F.3d 552, 557 (9th Cir.2006). “[W]e give considerable deference to a district court’s determination of the appropriate supervised release conditions,” recognizing that “a district court has at its disposal all of the evidence, its own impressions of a defendant, and wide latitude.” Id. (internal quotation marks omitted).
Although Special Condition 4 satisfied 18 U.S.C. § 3583(d)(1), the district court did not have the benefit of United States v. Gnirke, 775 F.3d 1155, 1163-65 (9th Cir.2015), when it rendered its decision in this case. Accordingly, we vacate Special Condition 4 and remand for the district court to impose a condition consistent with Gnirke.[1]
VACATED and REMANDED for further proceedings consistent with this disposition.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Although Partin appeals only the first sentence of Special Condition 4 and we find no error in the condition’s remaining provisions, we vacate the condition in its entirety so the district court can consider it as a whole.